IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IKON OFFICE SOLUTIONS, INC. § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> JOHN L. FURNISH, An Individual, § <br> AND SOUTHWEST LEGAL § <br> SOLUTIONS, INC. § <br> Defendants. § | CAUSE NO. SA06CA0434 FB |

## ANSWER OF DEFENDANT SOUTHWEST LEGAL SOLUTIONS, INC.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES SOUTHWEST LEGAL SOLUTIONS, INC. ("Southwest"), a Defendant in the above-styled and numbered cause, and in answer to Plaintiff's Verified Complaint, states as follows:

Defendant objects to the Verified Complaint as violating Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim."

1.  Defendant is without sufficient information to admit or deny the factual averments in Paragraph 1 of Plaintiff's Verified Complaint.

2.  Defendant is without sufficient information to admit or deny the factual averments in Paragraph 2 of Plaintiff's Verified Complaint.

3.  Defendant admits the factual averments in Paragraph 3 of Plaintiff's Verified Complaint.

### JURISDICTION AND VENUE

4.  Defendant denies that jurisdiction exists under 28 U.S.C. § 332, as stated in Paragraph 4 of Plaintiff's Verified Complaint.

5. Defendant denies it is inflicting or has inflicted any "injury" upon Plaintiff. Defendant admits all other factual averments in Paragraph 5 of Plaintiff's Verified Complaint.

6. Upon information and belief, Defendant admits the factual averments in Paragraph 6 of Plaintiff's Verified Complaint.

7. Defendant is without sufficient information to admit or deny the factual averments in Paragraph 7 of Plaintiff's Verified Complaint.

8. Defendant is without sufficient information to admit or deny the factual averments in Paragraph 8 of Plaintiff's Verified Complaint.

9. Defendant is without sufficient information to admit or deny the factual averments in Paragraph 9 of Plaintiff's Verified Complaint.

10. Defendant is without sufficient information to admit or deny the factual averments in Paragraph 10 of Plaintiff's Verified Complaint.

11. Upon information and belief, Defendant admits the language is accurate as quoted but is without sufficient information to admit or deny the factual averments in Paragraph 11 of Plaintiff's Verified Complaint.

12. Upon information and belief, Defendant admits the language is accurate as quoted but is without sufficient information to admit or deny the factual averments in Paragraph 12 of Plaintiff's Verified Complaint.

13. Upon information and belief, Defendant admits the language is accurate as quoted but is without sufficient information to admit or deny the factual averments in Paragraph 13 of Plaintiff's Verified Complaint.

14. Upon information and belief, Defendant admits the language is accurate as quoted but is without sufficient information to admit or deny the factual averments in Paragraph 14 of Plaintiff's Verified Complaint.

15. Upon information and belief, Defendant admits the language is accurate as quoted but is without sufficient information to admit or deny the factual averments in Paragraph 15 of Plaintiff's Verified Complaint.

16. Upon information and belief, Defendant admits the language is accurate as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 16 of Plaintiff's Verified Complaint.

17. Upon information and belief, Defendant admits the language is accurate as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 17 of Plaintiff's Verified Complaint.

18. Upon information and belief, Defendant admits the language is accurate as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 18 of Plaintiff's Verified Complaint.

19. Upon information and belief, Defendant admits Furnish signed an agreement with IKON on or about October 23, 2001, but is without sufficient information to admit or deny the remaining factual averments in Paragraph 19 of Plaintiff's Verified Complaint.

20. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 20 of Plaintiff's Verified Complaint.

21. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 21 of Plaintiff's Verified Complaint.

22. Upon information and belief, Defendant admits the language is accurate as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 22 of Plaintiff's Verified Complaint.

23. Defendant is without sufficient information to admit or deny the factual averments in Paragraph 23 of Plaintiff's Verified Complaint.

24. Upon information and belief, Defendant admits the language is accurate as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 24 of Plaintiff's Verified Complaint.

25. Upon information and belief, Defendant admits the language is accurate as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 25 of Plaintiff's Verified Complaint.

26. Upon information and belief, Defendant admits the language is accurate as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 26 of Plaintiff's Verified Complaint.

27. Upon information and belief, Defendant admits the language is accurate as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 27 of Plaintiff's Verified Complaint.

28. Upon information and belief, Defendant admits the language is accurate as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 28 of Plaintiff's Verified Complaint.

29. Upon information and belief, Defendant admits that the language of the IKON Employee Handbook is correct as quoted, but is without sufficient information to admit or deny the factual averments in Paragraph 29 of Plaintiff's Verified Complaint.

30. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 30 of Plaintiff's Verified Complaint.

31. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 31 of Plaintiff's Verified Complaint.

32. Defendant denies the factual averments made in Paragraph 32 of Plaintiff's Verified Complaint.

33. Defendant is without sufficient information to admit or deny the factual averment made in Paragraph 33 of Plaintiff's Verified Complaint.

34. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 34 of Plaintiff's Verified Complaint.

35. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 35 of Plaintiff's Verified Complaint.

36. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 36 of Plaintiff's Verified Complaint.

37. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 37 of Plaintiff's Verified Complaint.

38. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 38 of Plaintiff's Verified Complaint.

39. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 39 of Plaintiff's Verified Complaint.

40. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 40 of Plaintiff's Verified Complaint.

41. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 41 of Plaintiff's Verified Complaint.

42. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 42 of Plaintiff's Verified Complaint.

43. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 43 of Plaintiff's Verified Complaint.

44. Defendant denies the factual averments made in Paragraph 44 of Plaintiff's Verified Complaint.

45. Upon information and belief, Defendant admits the factual averments in Paragraph 45 of Plaintiff's Verified Complaint.

46. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 46 of Plaintiff's Verified Complaint.

47. Defendant admits Defendant Furnish accepted employment with Defendant Southwest, but denies the other factual averments made in Paragraph 47 of Plaintiff's Verified Complaint.

48. Defendant denies the factual averments made in Paragraph 48 of Plaintiff's Verified Complaint.

49. Defendant denies the factual averments made in Paragraph 49 of Plaintiff's Verified Complaint.

50. Defendant denies the factual averments made in Paragraph 50 of Plaintiff's Verified Complaint.

51. Defendant denies the factual averments made in Paragraph 51 of Plaintiff's Verified Complaint.

52. Defendant is without sufficient information to admit or deny whether the "Five IKON Customers" have discontinued or substantially reduced their business with IKON. Defendant denies all other factual averments made in Paragraph 52 of Plaintiff's Verified Complaint.

53. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 53 of Plaintiff's Verified Complaint.

54. Defendant denies the factual averments made in Paragraph 54 of Plaintiff's Verified Complaint.

55. Defendant denies the factual averments made in Paragraph 55 of Plaintiff's Verified Complaint.

56. Defendant admits that Plaintiff's damages, if any, are incalculable and speculative, but denies the remaining factual averments made in Paragraph 56 of Plaintiff's Verified Complaint.

57. Defendant denies the factual averments made in Paragraph 57 of Plaintiff's Verified Complaint.

58. Defendant denies the factual averments made in Paragraph 58 of Plaintiff's Verified Complaint.

59. Defendant denies the factual averments made in Paragraph 59 of Plaintiff's Verified Complaint.

60. Defendant denies the factual averments made in Paragraph 60 of Plaintiff's Verified Complaint.

61. Defendant denies the factual averments made in Paragraph 61 of Plaintiff's Verified Complaint.

62. Defendant denies the factual averments made in Paragraph 62 of Plaintiff's Verified Complaint.

63. Defendant denies the factual averments made in Paragraph 63 of Plaintiff's Verified Complaint.

64. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 64 of Plaintiff's Verified Complaint.

65. Defendant denies the factual averments made in Paragraph 65 of Plaintiff's Verified Complaint.

66. Defendant denies the factual averments made in Paragraph 66 of Plaintiff's Verified Complaint.

67. Defendant denies the factual averments made in Paragraph 67 of Plaintiff's Verified Complaint.

68. Defendant denies the factual averments made in Paragraph 68 of Plaintiff's Verified Complaint.

69. Defendant denies the factual averments made in Paragraph 69 of Plaintiff's Verified Complaint.

70. Defendant denies the factual averments made in Paragraph 70 of Plaintiff's Verified Complaint.

71. Defendant denies the factual averments made in Paragraph 71 of Plaintiff's Verified Complaint.

72. Defendant denies the factual averments made in Paragraph 72 of Plaintiff's Verified Complaint.

73. Defendant incorporates its responses to Paragraphs 1 through 72 in its response to Paragraph 73 of Plaintiff's Verified Complaint.

74. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 74 of Plaintiff's Verified Complaint.

75. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 75 of Plaintiff's Verified Complaint.

76. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 76 of Plaintiff's Verified Complaint.

77. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 77 of Plaintiff's Verified Complaint.

78. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 78 of Plaintiff's Verified Complaint.

79. Defendant denies the factual averments made in Paragraph 79 of Plaintiff's Verified Complaint.

80. Defendant denies the factual averments made in Paragraph 80 of Plaintiff's Verified Complaint.

81. Defendant denies the factual averments made in Paragraph 81 of Plaintiff's Verified Complaint.

82. Defendant denies the factual averments made in Paragraph 82 of Plaintiff's Verified Complaint.

83. Defendant denies the factual averments made in Paragraph 83 of Plaintiff's Verified Complaint.

84. Defendant incorporates its responses to Paragraphs 1 through 83 in its response to Paragraph 84 of Plaintiff's Verified Complaint.

85. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 85 of Plaintiff's Verified Complaint.

86. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 86 of Plaintiff's Verified Complaint.

87. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 87 of Plaintiff's Verified Complaint.

88. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 88 of Plaintiff's Verified Complaint.

89. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 89 of Plaintiff's Verified Complaint.

90. Defendant denies the factual averments made in Paragraph 90 of Plaintiff's Verified Complaint.

91. Defendant denies the factual averments made in Paragraph 91 of Plaintiff's Verified Complaint.

92. Defendant denies the factual averments made in Paragraph 92 of Plaintiff's Verified Complaint.

93. Defendant denies the factual averments made in Paragraph 93 of Plaintiff's Verified Complaint.

94. Defendant denies the factual averments made in Paragraph 94 of Plaintiff's Verified Complaint.

95. Defendant denies the factual averments made in Paragraph 95 of Plaintiff's Verified Complaint.

96. Defendant incorporates its responses to Paragraphs 1 through 95 in its response to Paragraph 96 of Plaintiff's Verified Complaint.

97. Defendant denies the factual averments made in Paragraph 97 of Plaintiff's Verified Complaint.

98. Defendant denies the factual averments made in Paragraph 98 of Plaintiff's Verified Complaint.

99. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 99 of Plaintiff's Verified Complaint.

100. Defendant denies the factual averments made in Paragraph 100 of Plaintiff's Verified Complaint.

101. Defendant denies the factual averments made in Paragraph 101 of Plaintiff's Verified Complaint.

102. Defendant denies the factual averments made in Paragraph 102 of Plaintiff's Verified Complaint.

103. Defendant denies the factual averments made in Paragraph 103 of Plaintiff's Verified Complaint.

104. Defendant denies the factual averments made in Paragraph 104 of Plaintiff's Verified Complaint.

105. Defendant denies the factual averments made in Paragraph 105 of Plaintiff's Verified Complaint.

106. Defendant is without sufficient information to admit or deny the factual averments made in Paragraph 106 of Plaintiff's Verified Complaint.

107. Defendant denies the factual averments made in Paragraph 107, including subparts a through d, of Plaintiff's Verified Complaint.

108. Defendant denies the factual averments made in Paragraph 108 of Plaintiff's Verified Complaint.

109. Defendant denies the factual averments made in Paragraph 109 of Plaintiff's Verified Complaint.

110. Defendant incorporates his responses to Paragraphs 1 through 109 in his response to Paragraph 110 of Plaintiff's Verified Complaint.

111. Defendant denies the factual averments made in Paragraph 111 of Plaintiff's Verified Complaint.

112. Defendant denies the factual averments made in Paragraph 112 of Plaintiff's Verified Complaint.

113. Defendant denies the factual averments made in Paragraph 113 of Plaintiff's Verified Complaint.

114. Defendant denies the factual averments made in Paragraph 114 of Plaintiff's Verified Complaint.

115. Defendant denies the factual averments made in Paragraph 115 of Plaintiff's Verified Complaint.

116. Defendant incorporates his responses to Paragraphs 1 through 115 in his response to Paragraph 116 of Plaintiff's Verified Complaint.

117. Defendant admits the factual averments in Paragraph 117 of Plaintiff's Verified Complaint.

118. Upon information and belief, Defendant admits it was provided with copies of some agreements but is without sufficient information to admit or deny whether it was furnished with the copy alleged in Paragraph 118 of Plaintiff's Verified Complaint.

119. Defendant denies the factual averments made in Paragraph 119 of Plaintiff's Verified Complaint.

120. Defendant denies the factual averments made in Paragraph 120 of Plaintiff's Verified Complaint.

121. Defendant denies the factual averments made in Paragraph 121 of Plaintiff's Verified Complaint.

122. Defendant acknowledges that portion of Plaintiff's Verified Complaint entitled "WHEREFORE" seeks relief as set forth in subsections (1) - (3), but denies Plaintiff is entitled to any of the relief requested therein.

123. Defendant denies all remaining averments not specifically admitted herein.

## AFFIRMATIVE DEFENSES

124. IKON has failed to mitigate its damages for any alleged violation of the agreements referenced in its Verified Complaint.

125. The alleged agreements referenced in Plaintiff's Verified Complaint fail to provide adequate consideration contemporaneously provided to Defendant.

126. The alleged agreements referenced in Plaintiff's Verified Complaint are unconscionable, unreasonably restrain trade and violate public policy.

127. IKON has waived its rights to enforce the alleged agreements referenced in Plaintiff's Verified Complaint.

128. The alleged Employment Agreement is unenforceable based on novation. The Employment Agreement referenced in Plaintiff's Verified Complaint is so inconsistent with the subsequent, so-called "Supplemental Agreement" that the Employment Agreement no longer is enforceable.

129. Defendant was justified in contacting any former customer of IKON if that customer previously and regularly did business with Defendant Southwest.

130. The liquidated damages clause in the referenced agreements is unenforceable because it is a penalty clause.

131. Plaintiff is estopped by the liquidated damages clause in the referenced agreements from seeking any additional remedy.

132. Plaintiff's delay in asserting claim for injunctive relief amounts to a waiver of the right to such relief. For months the status quo has been that Defendant is actively employed by Defendant Southwest.

133. Plaintiff knew at the time of the execution of the agreements that the restrictive covenant did not contain limitation as to scope of activity that were reasonable, and that the limitations imposed a greater restraining than necessary to protect the goodwill or other business interest of Plaintiff. Plaintiff has sought to enforce the covenant to a greater extent than necessary to protect its goodwill or other business interest. Defendant is therefore entitled to recover the costs, including attorney's fees, expended in defending this action.

WHEREFORE, PREMISES CONSIDERED, Southwest prays that this Court deny Plaintiff any recovery herein, that judgment be granted to Southwest, together with costs of court and attorney's fees, and such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

BRAZLE & PFEUFFER, L.L.P.

By _____
KENNETH D. BRAZLE
State Bar No. 02935100
170 E. San Antonio St.
New Braunfels, Texas 78130
830/629-8008
830/629-2161 (Facsimile)
Counsel for Defendant,
SOUTHWEST LEGAL SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent to the following certified mail, return receipt requested on this 9th day of June, 2006:

William H. Ford
Ball and Weed, P.C.
Trinity Plaza II, Suite 500
745 East Mulberry
San Antonio, Texas 78212

Thomas T. Loder
Shannon Hampton Sutherland
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-7396

Mr. Robert E. Bettac
F. Denise Russell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 E. Pecan Street, Suite 2600
San Antonio, Texas 78205

_____
KENNETH D. BRAZLE